IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MINSUNG CHO, and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>THE QUI INC. and ELLIE IL YOUNG SHIN,<br><br>    Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1.  Plaintiff Minsung Cho and all others similarly situated are employed as tipped servers and in other tipped roles ("Tipped Employees") for which Defendants, The Qui Inc. ("Qui") and Ellie Il Young Shin, have taken a tip credit against Defendants' minimum wage and overtime obligations. Defendants employ Plaintiff Cho and all others similarly situated at "The Qui Korean Barbecue" ("The Qui") in Northern Virginia. Plaintiff Cho brings this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA), and pursuant to Virginia Code §§ 40.1-29(J) and 40.1-29.2, against the Defendants on behalf of himself and all others similarly situated because of Defendants' knowing, willful, and unlawful deprivation of Tipped Employees' rights to overtime pay. Plaintiff Cho also brings this action as a class action on behalf of himself and all others similarly situated in accordance with Fed. R. Civ. P. 23. Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201 *et seq.*, and Virginia Code §§ 40.1-29(J) and 40.1-29.2.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue lies within this district pursuant to 28 U.S.C. § 1391.

## PARTIES

4. At all times material, Plaintiff Minsung Cho and all others similarly situated have been employed by Defendants in the position of tipped server or another tipped position for which Defendants take a tip credit against Defendants' minimum wage and overtime obligations. Defendants have employed Plaintiff Cho at the 13972 Metrotech Drive, Chantilly, VA 20151 location of The Qui. Plaintiff Minsung Cho has given his written consent to be a Party-Plaintiff in this action pursuant to 29 U.S.C. § 216(b). His consent form is appended to this Complaint as Exhibit A.

5. Plaintiff Cho was employed by Defendants at The Qui's location at 13972 Metrotech Drive, Chantilly, VA 20151 as a tipped server from approximately early 2021 through September 21, 2023.

6. Defendant The Qui Inc. is a Virginia corporation headquartered at 13972 Metrotech Drive, Chantilly, Virginia 20151. The Qui Inc. owns, operates, and manages the three-restaurant The Qui Korean Barbecue chain, with locations at 13972 Metrotech Drive, Chantilly, VA 20151; 24630 Southpoint Drive, Chantilly, VA 20152; and 10160 Fairfax Boulevard, Suite 116, Fairfax, VA 22030. The Qui Inc.'s registered agent is Ellie Il Young Shin, at 11319 Aristotle Dr., Apt. 106, Fairfax, VA 22030.

7. Defendant Ellie Il Young Shin is the President and Owner of The Qui Inc., and is directly involved in the operation and management of The Qui Inc. and the three The Qui Korean

Barbecue locations. Upon information and belief, Defendant Ellie Il Young Shin is a Virginia resident with an address of 11319 Aristotle Dr., Apt. 106, Fairfax, VA 22030.

8. Defendants The Qui Inc. and Ellie Il Young Shin are each an "employer" within the meaning of 29 U.S.C. § 203(d) and as incorporated by Virginia Code § 40.1-29.2, as well as within the meaning of Virginia Code § 40.1-28.9. Defendants each are also a "person" within the meaning of 29 U.S.C. § 203(a) and as incorporated by Virginia Code § 40.1-29.2.

9. At all times material to this action, Defendants have been enterprises engaged in commerce as defined by 29 U.S.C. § 203(r)(1), and their annual dollar business volume has exceeded $500,000.

## FACTS

10. Defendants own, operate, and manage all the locations of The Qui, and have done so since each the inception of each location.

11. Defendants control all daily operations at The Qui, including but not limited to, hiring staff (including Plaintiff, other Tipped Employees, and managerial staff), administering staff pay, staff scheduling, staff training, and restaurant menus.

12. Defendants are responsible for timekeeping functions, including reviewing and approving staff timesheets.

13. Plaintiff is a tipped server, and all others similarly situated are tipped servers, bartenders, hosts, and others for whom Defendants have taken a tip credit against Defendants' minimum wage and overtime obligations ("Tipped Employees"), who have been jointly employed by Defendants since at least October 30, 2020.

14. At all times relevant herein, Defendants applied a "tip credit" in order to directly pay Plaintiff and those similarly situated at a rate below the applicable Virginia minimum wage,

although not necessarily at the lowest permissible minimum wage applicable to tipped employees, which is $2.13 per hour.

15. Prior to May 1, 2021, the minimum wage in Virginia was the federal minimum wage of $7.25 per hour. From May 1, 2021, until January 1, 2022, the Virginia minimum wage was $9.50 per hour. From January 1, 2022, until January 1, 2023, the Virginia minimum wage was $11.00 per hour. Since January 1, 2023, the Virginia minimum wage has been $12.00 per hour.

16. From November 18, 2022, and until the end of his employment on September 21, 2023, Defendants paid Plaintiff Cho at a rate of $8.18 per hour. They relied on the tip credit to make up the $3.82 difference between that hourly rate and the $12.00 per hour Virginia state minimum wage rate. In other words, Defendants took a $3.82 per hour "tip credit" against their minimum wage obligation for Plaintiff Cho.

17. Prior to November 18, 2022, Defendants paid Plaintiff Cho $6.50 per hour—below the federal minimum wage of $7.25 per hour—and similarly used the tip credit to meet their minimum wage obligations.

18. Defendants take a similar tip credit against their minimum wage obligations for all Tipped Employees who are similarly situated.

**Defendants Improperly Fail to Include the Value of the Tip Credit When Calculating the Overtime Rate of Plaintiff Cho and All Others Similarly Situated**

19. Plaintiff and all others similarly situated regularly work over 40 hours in a workweek. When they do so, Defendants fail to compensate them "at a rate not less than one and one-half times the regular rate at which [they are] employed." 29 U.S.C. § 207(a)(1).

20. For a tipped employee such as Plaintiff, their "regular rate of pay includes the amount of tip credit taken by the employer per hour." 29 C.F.R. § 531.60. Defendants do not include the tip credit in Plaintiff's regular rate of pay, which results in an overtime rate below that

4

required by law.

21. For example, in the pay period from July 24, 2023, through August 6, 2023, Plaintiff Cho worked 91.42 hours. For 80 of those hours (his first 40 hours in each of the two weeks in the pay period), Plaintiff Cho received pay at his base rate of $8.18 per hour. For the 11.42 hours that he worked in excess of 40 hours per week, he received an hourly rate of $12.26 per hour. However, Defendants were obligated to directly pay Plaintiff Cho at a minimum rate of at least $14.18 per hour for these overtime hours, exclusive of tips.[1]

22. By failing to properly calculate the regular rate of pay, and therefore the overtime rate, of Plaintiff Cho and all others similarly situated, Defendants improperly and systematically deny them direct overtime compensation to which they are entitled.

### Defendants' Improper Retention/Pooling of Tips

23. "An employer may not keep tips received by its employees for any purposes . . . regardless of whether or not the employer takes a tip credit." 29 U.S.C. §203(m)(2)(B).

24. Since on or around the beginning of November 2022, Defendants have required Plaintiff and other Tipped Employees to contribute an amount from credit card tips that Plaintiff and all others similarly situated received during each pay period to a tip pool. The amount equals

---

[1] Plaintiff Cho's overtime rate should be calculated as follows:

• $8.18 per hour direct cash rate + $3.82 tip credit = $12.00 per hour "regular rate";

• $12.00 per hour regular rate * 1.5 = $18.00 per hour overtime rate;

• $18.00 per hour overtime rate - $3.82 tip credit = $14.18 per hour direct cash rate for overtime hours, exclusive of tips.

See U.S. DEPARTMENT OF LABOR, *eLaws Advisors: Compliance Assistance Resources – FLSA Overtime Calculator Advisor, Overtime Calculation Examples for Tipped Employees*, available at: https://webapps.dol.gov/elaws/whd/flsa/otcalc/otExampleTipped725.asp (Last Accessed Oct. 15, 2023).

roughly 3% of each employee's gross sales for the pay period.

25. The "pooled" tips are not distributed among Tipped Employees. Instead, the Defendants retain 100% of the pooled credit card tips.

26. Upon information and belief, Defendants use these retained/pooled tips for normal business operating costs, such as repairs.

27. For example, in the pay period spanning from July 10, 2023, to July 23, 2023, Plaintiff Cho had approximately $19,000.00 in sales—that is to say, the customers that he served spent approximately $19,000 at The Qui. From these sales, customers left Plaintiff Cho approximately $3,850 in credit card tips. Defendants, however, only paid out to him approximately $3,280 of these tips, retaining roughly $570, or 3% of his about $19,000 in sales.

28. Defendants provided no notice or explanation regarding this 3% mandatory tip pool.

29. By unlawfully retaining all pooled tips earned by Plaintiff and those similarly situated, Defendants have failed to pay Plaintiff and all those similarly situated the entirety of the tips that customers have left for them, in violation of the FLSA.

### Defendants' Conduct is Willful and Knowing

30. Defendants have failed to properly calculate and pay overtime compensation to, and improperly retained the tips of, Plaintiff and all others similarly situated in reckless disregard of controlling legal authority, including statutes, regulations, and readily-available guidance documents. *See, e.g.*, VIRGINIA DEPARTMENT OF LABOR AND INDUSTRY, Field Operations Manual (July, 2019 Rev.), available at https://townhall.virginia.gov/L/GDocs.cfm (last accessed Oct. 16, 2023); U.S. DEPARTMENT OF LABOR, *eLaws Advisors: Compliance Assistance Resources – FLSA Overtime Calculator Advisor, Overtime Calculation Examples for Tipped Employees*, available at:

https://webapps.dol.gov/elaws/whd/flsa/otcalc/otExampleTipped725.asp (Last Accessed Oct. 16, 2023).

31. Plaintiff Cho has inquired with Defendant Ellie Il Young Shin on multiple occasions about the basis, justification, and use of the 3% retention, but on each occasion, Defendant Shin has avoided providing an explanation or materially responding to his inquiries. Upon information and belief, other Tipped Employees have also made similar inquiries, and have similarly been rebuffed.

32. Defendants calculated, reviewed, approved, and paid the wages of Plaintiff and all others similarly situated. Indeed, Defendants made decisions regarding the methods via which Plaintiff and all others similarly situated would have their pay calculated and administered, including the pooling and retention of 3% of Tipped Employees' gross sales from their credit card tips.

## COLLECTIVE ACTION FOR VIOLATIONS OF THE FLSA AND VIRGINIA LAW

33. Defendants have violated provisions of the FLSA and Virginia Wage and Hour Law, resulting in damages to Plaintiff Cho and those similarly situated, in the form of unpaid wages, liquidated damages, incurred and incurring costs, prejudgment interest, and reasonable attorneys' fees.

34. As a result of the minimum wage and overtime violations of the FLSA and Virginia Wage and Hour Law, Plaintiff Cho and those similarly situated have suffered damages by failing to receive their lawful wages from Defendants. In addition to the amount of unpaid wages owing to Plaintiff Cho and those similarly situated, they are also entitled to an amount equal to such unpaid wages as liquidated damages pursuant to 29 U.S.C. § 216(b), and liquidated damages in an amount equal to three times their unpaid wages pursuant to Virginia Code § 40.1-29(J) because

Defendants knowingly failed to properly pay their wages, as well as prejudgment interest under Virginia Code § 40.1-29(J).

35. Plaintiff Cho and those similarly situated are also entitled to an award of attorneys' fees and expenses pursuant to 29 U.S.C. § 216(b) and Virginia Code § 40.1-29(J).

36. Defendants' actions in failing to compensate Plaintiff Cho and other similarly situated employees in accordance with the provisions of the FLSA and Virginia Wage and Hour Law were willful, knowing, and not in good faith.

37. Plaintiff Cho and those similarly situated all had their pay and hours directly administered, reviewed, approved, and paid by Defendants.

38. Defendants subjected Plaintiff Cho and all others similarly situated to the same unlawful policy or practice of calculating their overtime rate of pay without incorporating the amount of the tip credit into their regular rate of pay, resulting in overtime compensation being paid at a rate lower than that required by law.

39. Defendants subjected Plaintiff Cho and all others similarly situated to the same policy or practice of illegally pooling and retaining from their credit card tips an amount equal to approximately 3% of their gross sales during each pay period.

40. There are numerous other similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA and Virginia Wage and Hour Law who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Specifically, Plaintiff proposes a collective consisting of:

> Since October 30, 2020, all employees and former employees of Defendants who have been employed as tipped servers, bartenders, hosts, or in other tipped positions for which Defendants have taken a tip credit and/or who participated in the mandatory tip pool at any time since November 1, 2022, at Defendants' The Qui Korean Barbecue locations in

Chantilly and Fairfax, Virginia.

**CLASS ACTION FOR VIOLATIONS OF VIRGINIA WAGE AND HOUR LAW**

41. Defendants have violated provisions of Virginia Wage and Hour law, including Virginia Code §§ 40.1-29(J) and 29.2, resulting in damages to Plaintiff Cho and all putative Class members in the form of unpaid wages, liquidated damages, incurred and incurring costs, and reasonable attorneys' fees.

42. The Class is defined as follows:

Since October 30, 2020, all employees and former employees of Defendants who have been employed as servers, bartenders, hosts, or in other positions for which Defendants took a tip credit and/or who participated in the mandatory tip pool at any time since November 1, 2022, at Defendants' The Qui Korean Barbecue locations in Chantilly and Fairfax Virginia.

43. Upon information and belief, there are at least 50 members of the class. Thus, the Class is so numerous that joinder of all members is impracticable. Notably, Tipped Employees are an historically transient workforce. Thus, although the precise number of such persons is unknown, Class members are known to Defendants, are readily identifiable, and can be located through Defendants' work and payroll records.

44. There are questions of law and fact common to the members of the Class, including, but not limited to:

    (a) whether Defendants violated Virginia Wage and Hour Law by calculating Class Members' overtime rate of pay without incorporating the amount of the tip credit into their regular rate of pay, resulting in Class Members' being paid overtime compensation at a rate below that required by law;

    (b) whether Defendants violated Virginia Wage and Hour Law by requiring Class Members to participate in a tip pool in which Defendants withheld and retained

for themselves Class Members' credit card tips in an amount equal to 3% of Class Members' gross sales during the relevant pay period;

(c) whether, under Virginia Wage and Hour Law, Defendants' illegal 3% withholding and retention of pooled credit card tips renders them unqualified to take the tip credit against their minimum wage obligations, meaning Class Members should have been paid at the full minimum wage rate for all hours worked;

(d) whether Defendants engaged in such actions knowingly and willingly, such that Class Members are entitled to liquidated damages in an amount equal to three-times their backpay pursuant to Virginia Code § 40.1-29(J); and

(e) whether, as a result of Defendants' violations of Virginia Wage and Hour Law, Plaintiff Cho and the members of the Class are also entitled to an award of attorneys' fees and expenses.

45. The claims of Plaintiff Cho are typical of all members of the Class. Defendants' decisions regarding how to calculate the overtime rate and to retain 3% of gross sales reflect common policies or practices that violates Virginia Wage and Hour law.

46. Plaintiff Cho has the same interests in this matter as all members of the Class.

47. Plaintiff Cho is an adequate Class representative, is committed to pursuing this action, and in the undersigned attorneys has retained competent counsel experienced in wage and hour law and class action litigation.

## COUNT ONE

## UNLAWFUL RETENTION OF TIPS IN VIOLATION OF THE FLSA

48. Plaintiff repeats and incorporates by reference the allegations set forth in the preceding paragraphs.

49. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

50. For at least the past three years, Defendants have consistently denied Plaintiff and similarly situated employees the wages and overtime compensation to which they are entitled under the FLSA by:

    (a) failing to incorporate the value of the tip credit into their calculations of Plaintiff and similarly situated employees' regular rate of pay and subsequent overtime rate, resulting in an unlawfully depressed overtime rate of pay;

    (b) mandatorily pooling and retaining a portion of the tips that Plaintiff and similarly situated employees earn via credit card payments from customers; and

    (c) failing to provide proper notice of such tip pooling arrangement.

51. 29 U.S.C. § 203(m) provides that a tipped employee shall be paid a wage of not less than $2.13 per hour, and that an employer may apply a tip credit for tips actually received between the wage the employer pays and the applicable minimum wage.

52. For at least the past three years, Defendants have applied a "tip credit" pursuant to 29 U.S.C. § 203(m) toward the minimum wage owed to Plaintiff and other persons employed as servers, bartenders, hosts, and other positions receiving tips from customers at The Qui locations in Chantilly and Fairfax, Virginia.

53. Under 29 U.S.C. § 203(m)(2)(B), "[a]n employer may not keep tips received by its employees for any purposes."

54. Additionally, under 29 U.S.C. § 203(m)(2)(A)(ii), an employer may not take the tip credit "unless . . . all tips received by [the] employee have been retained by the employee."

55. Because, since at least on or around the beginning of November 2022, Defendants have retained an amount of the tips that Plaintiff Cho and those similarly situated receive equal to 3% of each employee's gross sales in each pay period, Defendants have violated the FLSA, depriving Plaintiff and those similarly situated of all tips to which they are entitled.

56. Defendants have also failed to provide Plaintiff and those similarly situated with any notice or explanation regarding the 3% mandatory tip contribution.

57. Because, since at least on or around the beginning of November 2022, Defendants have unlawfully retained an amount of the tips that Plaintiff Cho and those similarly situated receive equal to 3% of their gross sales in the relevant pay period, Defendants have not been eligible to take the tip credit since at least that time, and have unlawfully deprived Plaintiff Cho and those similarly situated of minimum wage and overtime compensation to which they have been entitled.

58. Defendants' violations of the FLSA as alleged herein have been done in a knowing, willful, and bad faith manner.

59. As a result of the aforesaid willful, knowing, and bad faith violations of the FLSA, compensation has been unlawfully withheld by Defendants from Plaintiff and similarly situated persons for which the Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

60. The employment and work records for Plaintiff and those similarly situated are in the exclusive possession, custody, and control of Defendants, and Plaintiff is unable to state at this time the exact amount owing to him or to those similarly situated. Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiff's payroll and other employment records and such records from those who are similarly situated from which the amounts of the Defendants' liability can be ascertained.

## COUNT TWO

### FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FLSA

61. Plaintiff repeats and incorporates by reference the allegations set forth in the preceding paragraphs.

62. 29 U.S.C. § 207(a)(1) requires that employees who work more than 40 hours in a week "receive[] compensation . . . at a rate not less than one and one-half times the regular rate at which [they are] employed."

63. 29 U.S.C. § 207(e) explains that "the 'regular rate' at which an employee is employed shall be deemed to include all remuneration for employment paid to . . . the employee."

64. 29 C.F.R. § 531.60 explains that this "regular rate of pay includes the amount of tip credit taken by the employer per hour."

65. Defendants improperly pay Plaintiff and those similarly situated only 1.5 times their hourly lower tipped wage. For example, Defendants directly paid Plaintiff Cho $8.18 per hour, and took a $3.82 dollar per hour tip credit against their $12 per hour minimum wage obligation. For all overtime hours, Defendant only paid Plaintiff Cho at a rate of $12.26 per hour, less than the amount required by law because Defendant failed to incorporate the tip credit into his regular rate of pay.

66. By failing to incorporate the $3.82 tip credit into the "regular rate" they used to calculate Plaintiff Cho's overtime rate, and by systemically failing to incorporate the tip credit into their calculations of the overtime rates for all those similarly situated, Defendants have unlawfully deprived Plaintiff Cho and those similarly situated of the overtime to which they are entitled under the FLSA.

67. Defendants' violations of the FLSA as alleged herein have been done in a knowing, willful, and bad faith manner.

68. As a result of the aforesaid willful, knowing, and bad faith violations of the FLSA, compensation has been unlawfully withheld by Defendants from Plaintiff and similarly situated persons for which the Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

69. The employment and work records for Plaintiff and those similarly situated are in the exclusive possession, custody, and control of Defendants, and Plaintiff is unable to state at this time the exact amount owing to him and to those similarly situated. Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiff's payroll and other employment records and such records from those similarly situated from which the amounts of the Defendants' liability can be ascertained.

## COUNT THREE

### FAILURE TO PAY MINIMUM AND OVERTIME WAGES PURSUANT TO VIRGINIA WAGE AND HOUR LAW

70. Plaintiff repeats and incorporates by reference the allegations set forth in the preceding Paragraphs.

71. At all times material herein, Plaintiff Cho, those similarly situated, and all members of the Class have been entitled to the rights, protections, and benefits provided by Virginia's Wage and Hour laws, Virginia Code § 40.1-28.2–33.2.

72. Virginia Wage and Hour law sets a minimum wage above the one set by federal law, currently $12 per hour. Va. Code § 40.1-28.10.

73. For the past three years, and prior, Defendants have directly paid Plaintiff, Class Members, and all others similarly situated less than the minimum wage to which they have been entitled under Virginia Code § 40.1-28.10, applying a "tip credit" pursuant to Virginia Code § 40.1-28.9(B).

74. Since at least November 2022, Defendants have knowingly, willfully, and in bad faith improperly withheld and retained from Plaintiff, Class Members, and all others similarly situated an amount from their credit card tips equal to 3% of their gross sales during the pay period.

75. Defendants have, therefore, been ineligible to take a tip credit for Plaintiff, Class Members, and all others similarly situated since at least November 2022. *See* VIRGINIA DEPARTMENT OF LABOR AND INDUSTRY, Field Operations Manual, Chapter 1 at 10 (July 2019 Rev.). As a result, all hours worked by Plaintiff, Class Members, and all others similarly situated should have been directly paid at a rate equal to at least the full Virginia minimum wage for their first 40 hours of work in a week, and at a rate equal to at least one and one-half times the Virginia minimum wage for all hours worked in excess of that.

76. Defendants are liable to Plaintiff and all others similarly situated for backpay for unpaid tips, minimum, and overtime wages, liquidated damages in an amount equal to three times the backpay, prejudgment interest, and reasonable attorneys' fees and costs under Virginia Code §§ 40.1-28.12 and 29(J).

77. For purposes of overtime wages, Virginia Wage and Hour Law incorporates the FLSA, stating that: "Any employer that violates the overtime pay requirements of the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as amended, and any regulations, guidance, or rules adopted pursuant to the overtime pay provisions of such federal act or any related governing case law shall be liable . . . ." Va. Code. 40.1-29.2.

78. As alleged in the preceding paragraphs, Defendants have knowingly, willfully, and in bad faith violated the FLSA's overtime provisions—and therefore Virginia law—by failing to properly calculate the regular rates of pay for Plaintiff, Class Members, and all others similarly situated, resulting in overtime compensation being paid at a rate below that required by law. Defendants are, therefore, liable for backpay for unpaid overtime wages, liquidated damages in an amount equal to three times the backpay, prejudgment interest, and reasonable attorneys' fees and costs under Virginia Code §§ 40.1-28.12 and 29(J).

79. The employment and work records for Plaintiff and Class Members are in the exclusive possession, custody, and control of Defendants, and Plaintiff is unable to state at this time the exact amount owing to each of them. 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiff's and Class Members' payroll and other employment records from which the amounts of the Defendants' liability can be ascertained.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that this Court grant relief against the Defendants as follows:

(a) Enter a declaratory judgment declaring that Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiff, all others similarly situated, and Class Members of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

(b) Order a complete and accurate accounting of all the compensation to which Plaintiff Cho, all others who are similarly situated, and Class Members are entitled;

(c) Award Plaintiff Cho and all others similarly situated, monetary damages under federal law in the form of back pay compensation and benefits; unpaid entitlements; liquidated damages equal to their unpaid compensation;

(e) Award Plaintiff Cho, all others who are similarly situated, and Class Members monetary damages under Virginia Wage and Hour Law in the form of back pay compensation and benefits; unpaid entitlements; prejudgment interest; and an additional amount equal to three times the amount of unpaid wages as liquidated damages;

(f) Award Plaintiff Cho, all those similarly situated, and all members of the Class their reasonable attorneys' fees to be paid by the Defendants as well as the costs and disbursements of this action; and

(h) Grant such other legal and equitable relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial in this action.

Dated: October 30, 2023                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Molly A. Elkin
　　　　　　　　　　　　　　　　　　　　Molly A. Elkin (Va. Bar No. 40967)
　　　　　　　　　　　　　　　　　　　　Sarah M. Block
　　　　　　　　　　　　　　　　　　　　*Pro Hac Vice Forthcoming*
　　　　　　　　　　　　　　　　　　　　Patrick J. Miller-Bartley
　　　　　　　　　　　　　　　　　　　　*Pro Hac Vice Forthcoming*
　　　　　　　　　　　　　　　　　　　　McGILLIVARY STEELE ELKIN LLP
　　　　　　　　　　　　　　　　　　　　1101 Vermont Ave., NW
　　　　　　　　　　　　　　　　　　　　Suite 1000
　　　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　　　Telephone: (202) 833-8855
　　　　　　　　　　　　　　　　　　　　Fax: (202) 452-1090

mae@mselaborlaw.com
smb@mselaborlaw.com
pmb@mselaborlaw.com

*Attorneys for Plaintiffs*